## GLASSCOCK *vs.* BANK OF MISSOURI.

1. Notice of the dishonor of a bill may come from any person who holds the bill when it is dishonored, or is a party to the bill, and the holder may avail himself of the notice given in due time, by any other party to the bill, against any other person upon the bill who would be liable to him, if he, the holder, had himself given due notice of the dishonor.

2. Where notice of the dishonor of a bill is given by an endorser, and his name is subsequently erased from the bill by the holder, the liability of prior endorsers will not be affected thereby; the holder of a bill having a right to strike out the names of many endorsers as he sees proper, provided they are subsequent to the endorsement of the party whom he seeks to hold liable.

3. It is not indispensable for the notice of the dishonor of a bill to be sent to the post-office nearest to the residence of the party, nor even to the town in which he resides, if it be, in fact, sent to the post-office to which he usually resorts for his letters.

### APPEAL from Ralls Circuit Court.

WILLIAM M. CAMPBELL, *for Appellant.*

1. The name of South having been erased by the plaintiff from the back of the bill of exchange in the possession of plaintiff, and he being not mentioned in the declaration, is to be considered as an entire stranger to the whole transaction, and a notice sent to him at Palmyra is of no more legal force and value than would have been a notice sent to any other citizen, or to any other town in Missouri.

2. There is no legal evidence that any legal notice of protest was ever served on Glascock, or on any other endorser to the bill of exchange.

3. The evidence proves that Stephen Glasscock's place of residence was in New London, and that that was his post-office, and the fact that he sometimes did business at Hannibal, and there received letters and newspapers, will not render that his post-office, in contemplation of law.

4. The notice of protest should have been mailed from St. Louis to Glasscock at his proper post-office, and not to South at Palmyra.

5. There is not satisfactory evidence that the notice was mailed in St. Louis by the first mail after protest, nor that the notices sent were copies of the notice given in evidence, and therefore the evidence on that subject was illegally admitted.

6. The grounds assumed by the court, in the instruction asked for by the Bank, were not warranted by the law of the land, under the circumstances of the case.

7. The court should have granted a new trial.

LEONARD *and* BAY, *for Appellee.*

1. It was unnecessary to claim "*interest*," *eo nomine*, in the declaration. Interest on a bill or note is to be considered as damages for the detention of the principal debt, and is nothing more than a measure of damages.—Bailey on Bills, 281; Du Belloix *vs.* Waterpark, 1 D. and R., 16; Cameron *vs.* Smith, 2 B. and A., 305.

The endorser of a bill is liable to pay interest in the nature of damages, from the time he receives notice of the dishonor. (Chitty on Contracts, 505; Story on Bills, 466.) In assumpsit, the ground of action is the damages sustained by the plaintiff. —1 Chitty's Plead., 122.

2. It was not necessary to prove the signatures of the prior endorsers. The endorsement of a bill of exchange is an engagement on the part of the endorser that the signature of the drawer, and also of the antecedent endorsers, are genuine. —Jones *vs.* Ryde, 5 Tam., 488; Story on Bills, 126.

3. Notice of non-payment may be given by any party to the bill, or by the agent of the holder. (Story on Bills, 454.) Each successive endorser receiving notice has until the next day to send notice to antecedent parties; (*Ibid.*, 453, 325–327;) and such notice enures to the benefit of all the other parties to the bill.—*Ibid.*, 341, 342.

4. Where the domicile of a party is in one town, and his place of business in another, notice may be sent to either, especially if the party is accustomed to receive notices and letters, at the post-office of each town. It is not indispensable for the notice to be sent to the post-office nearest to the residence of the party, nor even to the town in which he resides, if it be, in fact, sent to the post-office to which he usually resorts for his letters.—Story on Bills, 260, 261, 332; Reed *vs.* Paine, 16 Johns. Rep., 218; Catskill Bank *vs.* Stall, 15 Wend., 364.

5. If the foregoing positions are correct, then the instruction given by the court contains a correct exposition of the law applicable to the facts in evidence, and the instructions asked by the defendant were properly refused.

NAPTON, *Judge, delivered the opinion of the Court.*

The Bank of Missouri brought suit against the appellant, as endorser of a bill of exchange for five hundred dollars, drawn by David O. Glasscock, in favor of William Moss, on Righter Levering, of St. Louis, and payable four months after date. The Bank obtained a judgment for $627 47.

On the trial, objection was made to the introduction of the bill of exchange in evidence, because the last endorsement on the bill (subsequent to the endorsement by Stephen Glascock) was stricken out. The objection was, however, overruled.

The bill was drawn the 31st August, 1839, and payable four months after date, and was protested for non-payment on the 3d January, 1840. Notice of the protest was sent by mail, on the day following, to S. D. South, the last endorser, directed to Palmyra, and, by S. D. South, forwarded by the first mail to Hannibal, Marion county, and directed to the defendant, Glasscock.

It was proved by S. D. South, the last endorser—whose name appeared stricken out when the bill was submitted to the jury—that when he received notice of protest, his name was on the bill, and that it was subsequently erased without his knowledge.

Testimony was given, conducing to show that the defendant resided in the country, nearer to New London than to Hannibal; that he received letters and papers at both post-offices; that he was president of a chartered company in Hannibal; that the business of the company was performed chiefly there, and the defendant was frequently there, and received two newspapers at that office.

The court, at the plaintiff's instance, instructed the jury, that notice of protest sent the day after the protest, to the last endorser, South, and a notice, by South, sent by the first mail after his receipt of the same, and directed to the defendant at Hannibal, was sufficient to hold defendant liable; provided they were satisfied that the defendant was, at that time, as much in the habit of receiving his letters, papers and communications at the Hannibal post-office as at any other.

Counter instructions were asked by the defendant, in substance declaring the law to be, that the notice must be sent to the *nearest* post-office, and that a notice directed to the Hannibal post-office was insufficient, unless the jury were satisfied that the defendant was in the habit of receiving more of his letters and papers at that office than at any other.

The only questions presented by the record arise out of the instructions of the Circuit Court, and we are of opinion that these instructions were correct.

Judge Story, in his late work on bills of exchange, considers the law as settled, that notice of the dishonor of a bill may come from any person who holds the bill, when it is dishonored, or is a party to the bill, and the holder may avail himself of the notice, given in due time, by any other party to it, against any other person upon the bill who would be liable to him, if he, the holder, had himself given due notice of the dishonor. (Story on Bills, 304.) This principle was recognized by this Court at the last term, in the case of Glasgow *vs.* Pratte.

It was proved that South was a party to the bill when he gave notice of its

dishonor to the defendant. The subsequent erasure of his name could not affect or alter the liability of the defendant, who was a prior endorser. The Bank, who held the bill, had an undoubted right to strike out as many endorsers as she thought fit, provided they were subsequent to the endorsement of the defendant.

With regard to the instruction of the Circuit Court, relative to the post-office to which the notice should have been directed, it is not considered indispensable for the notice to be sent to the post-office nearest to the residence of the party, nor even to the town in which he resides, if it be, in fact, sent to the post-office to which he usually resorts for his letters.—Story on Bills, 297, and cases cited.

Judgment affirmed.